Michael J. Nuñez, Esq.
Nevada Bar No. 10703
  mnunez@murchisonlaw.com
Tyler N. Ure Esq.
Nevada Bar No. 11730
  ture@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
350 South Rampart Boulevard, Suite 320
Las Vegas, Nevada 89145
Telephone: (702) 360-3956
Facsimile: (702) 360-3957

Attorneys for Defendant,
SPARTA INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY, | CASE NO. 2:17-cv-02999-RFB-CWH |
| Plaintiff, | **STIPULATION AND ORDER FOR LIMITED MODIFICATION TO SCHEDULING ORDER DEADLINE (FOURTH REQUEST) AND FOR EXTENSION OF RECENTLY SET PRETRIAL ORDER DEADLINE** |
| vs. | |
| SPARTA INSURANCE COMPANY, | |
| Defendant. | |

### STIPULATION TO MODIFY SCHEDULING ORDER DEADLINES

This stipulation to modify the scheduling order, and to extend the recently set pretrial order deadline, is entered into by and between Plaintiff NAVIGATORS INSURANCE COMPANY (hereinafter "Plaintiff") and SPARTA INSURANCE COMPANY (hereinafter "Defendant"), by and through their attorneys of record, pursuant to LR 6-1(b) and LR 26(4). This is the fourth request to modify the scheduling order. The stipulation is based upon the following:

**A.   A statement of Discovery Completed to Date:**

Plaintiff and Defendant have exchanged initial disclosures of documents and the names of individuals with knowledge of the facts pertaining to Plaintiff's claims against the Defendant.

The Defendant has propounded written discovery requests to Plaintiff, including interrogatories and requests for production, and Plaintiff has served its responses to Defendant's interrogatories. The Plaintiff has propounded interrogatories and requests for production to Defendant, and the Defendant responded on June 28, 2018. Defendant provided documents in connection with a subpoena Plaintiff issued to Defendant's third party administrator. Plaintiff propounded a second set of interrogatories and requests for production to Defendant, and Defendant responded on November 30, 2018. The responses to the request for production consisted in objections. Plaintiff recently set the deposition of Defendant, Sparta's Person Most Knowledgeable, for April 1, 2019.

B. **A specific description of the discovery that remains to be completed.**

- Plaintiff and Defendant anticipate taking the depositions of the parties' FRCP 30(b)(6) Person(s) with Knowledge.
- Pursuant to the Court's order, Defendant will produce documents in response to Plaintiff's second set of requests for production by March 29, 2019.

C. **The reason why discovery remaining was not completed within the time limits set by the discovery plan.**

On March 8, 2019, the Court held a hearing and issued rulings on dispositive motions. Also at the hearing, the Court ordered that parties shall submit a joint pretrial order by April 19, 2019. Since the ruling, Plaintiff and Defendant have agreed to a mediation. The Mediation has been set for April 29, 2019.

The parties aver, pursuant to Local Rule 6-1, that good cause exists for the requested extensions. The parties have not yet taken their respective PMK depositions because they wished to attempt to achieve a resolution of the case without incurring fees and costs for the depositions, and without requiring personnel of the parties to take time away from their duties to prepare for and appear at the depositions. Good causes exists for extending the time for taking the parties' PMKs because the parties have agreed to a mediation and hence may be able to avoid incurring these fees and costs and requiring personnel of the parties to take time away from their duties.

Good cause exists for extending the submission date of the joint pretrial order because the mediation may render the order unnecessary. The order is governed by LR 16-3, and is extensive. It requires, among other things, a statement of the nature of the action and the parties' contentions; a statement of uncontested facts deemed material; a statement of contested issues of fact; a statement of contested issues of law; lists or schedules of all exhibits that will be offered in evidence by the parties at the trial; lists of exhibits to which objection is made and the grounds for objections; and a list of witnesses who may be called at trial. Extending the pretrial order deadline until after the mediation may enable the parties to avoid the costs that would be incurred to prepare the order.

Under the extensions proposed by the parties, should the mediation be unsuccessful, the parties will be able to take the PMK depositions, and, subsequently, prepare the pretrial order. The deadline for the pretrial order needs to be after the deadline for PMK depositions because the depositions may impact the contents of the pretrial order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### D. A proposed schedule for completing all remaining discovery:

| Deadline | Current Deadline Date | Extension Sought |
|---|---|---|
| Expert disclosure deadline | Closed | **Closed** |
| Rebuttal expert disclosure deadline | Closed | **Closed** |
| Deadline For PMK Depositions | April 8, 2019 | **May 23, 2019** |
| Dispositive Motion Deadline | November 8, 2018 | **Closed** |
| Pre-Trial Order Deadlines | April 19, 2018 | **June 11, 2019** |
| Amend Pleadings and Add Parties | closed | **Closed** |
| Interim Status Report | December 10, 2018 (60 days before new discovery cut-off per LR 26-3) | **Closed** |

DATED: March 29, 2019

**MURCHISON & CUMMING, LLP**

By: */s/ Tyler N. Ure*
 Michael J. Nuñez, Esq.
 Nevada Bar No. 10703
 Tyler N. Ure, Esq.
 Nevada Bar No. 11730
 350 S. Rampart Blvd., Suite 320
 Las Vegas, Nevada 89145
 Attorneys for Defendant

DATED: March 29, 2019

**MORALES, FIERRO & REEVES**

By: */s/ Ramiro Morales*
 Ramiro Morales, Esq.
 Nevada Bar No. 7101
 600 South Tonopah Drive, Suite 300
 Las Vegas, Nevada 89106
 Attorneys for Plaintiff

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: March 27, 2019